# NO. 12-09-00275-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHANNON ROY OLIVER,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE  COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Shannon Roy Oliver appeals his conviction for assault.  Appellant's counsel has filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

## BACKGROUND

Appellant pleaded guilty to the offense of assault.  As charged, the offense was a third degree felony because the indictment alleged that the victim was a public servant who was lawfully discharging an official duty when he was assaulted.[1]  Appellant entered into a plea agreement with the State in which he would be placed on community supervision for a period of seven years in exchange for admitting his guilt.  Appellant also agreed to serve thirty days in jail as a condition of community supervision, and the State agreed to dismiss a charge of evading arrest or detention.  The trial court accepted the plea agreement and sentenced Appellant on May 8, 2003.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Vernon Supp. 2009).

In 2005, the State filed a motion to adjudicate Appellant's guilt in which it alleged that he was in violation of the terms of his community supervision. In response, the trial court modified the terms of Appellant's community supervision. Specifically, the trial court added a requirement that Appellant take all medications prescribed by his physician and follow his physician's instructions. In April 2009, the State again filed to adjudicate Appellant's guilt. The State alleged that Appellant committed a new offense and had "failed to avoid injurious or vicious habits," each a violation of the terms of his community supervision. Appellant pleaded not true to the allegations, and the trial court held a hearing. At the conclusion of the hearing, the trial court found that Appellant had committed a new offense, terminated his community supervision, and sentenced him to imprisonment for four years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have likewise reviewed the record for reversible error and have found none.

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and we *dismiss* this appeal. *See In re Schulman*, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J*.

(DO NOT PUBLISH)